# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| S&S SCREW MACHINE COMPANY, LLC | ) | Chapter 11 |
| | ) | Case No. 2:16-bk-06829 |
| | ) | Judge Mashburn |
| Debtor. | ) | |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: July 17, 2017.**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: July 25, 2017 at 9:00 a.m., in Courtroom One, 2nd Floor, Customs House, 701 Broadway, Nashville, Tennessee.[1]**

NOTICE OF DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS PURSUANT TO 11 U.S.C. §363
FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

The Debtor, S&S Screw Machine Company, LLC, has asked the court for the following relief: authority to sell assets free and clear of liens, claims and encumbrances.

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before July 17, 2017, you or your attorney must:

1. File with the court your response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT: <https://ecf.tnmb.uscourts.gov>.**

   If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.).

2. **Your response must state that the deadline for filing responses is July 17, 2017, the date of the scheduled hearing is July 25, 2017 and the motion to which you are responding is the Debtor's Motion for Authority to Sell Assets Pursuant to 11 U.S.C. §363 Free and Clear of Liens, Claims and Encumbrances.**

3. You must serve your response or objection **by electronic service through the Electronic Filing system** described above. You must also mail a copy of your response or objection to:

---

[1] The parties request that this matter be heard in Nashville as, pursuant to the terms of the agreement, the sale must be consummated on or about July 31, 2017. Were this matter to be heard in Cookeville, the hearing date would be in August.

1

| | |
|---|---|
| Office of the U.S. Trustee<br>318 Customs House<br>701 Broadway<br>Nashville, TN 37203 | Phillip G. Young, Jr.<br>Thompson Burton PLLC<br>6100 Tower Circle, Ste. 200<br>Franklin, TN 37067 |

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. ***THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.*** You may check whether a timely response has been filed by calling the Clerk's office at (615) 736-5584 or viewing the case on the Court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

| | |
|---|---|
| Dated: June 26, 2017 | By: /s/ Phillip G. Young, Jr.<br>Phillip G. Young, Jr.<br>Thompson Burton PLLC<br>6100 Tower Circle, Ste. 200<br>Franklin, TN 37067<br>Tel: 615-465-6008<br>phillip@thompsonburton.com<br><br>*Counsel to Debtor* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| S&S SCREW MACHINE COMPANY, LLC | ) | Chapter 11 |
| | ) | Case No. 2:16-bk-06829 |
| | ) | Judge Mashburn |
| Debtor. | ) | |

**MOTION FOR AUTHORITY TO SELL OR TRANSFER ASSETS PURSUANT TO 11 U.S.C. §363 FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

Comes the Debtor, pursuant to Bankruptcy Rules 6004(c) and 11 U.S.C. § 363, and moves the Court for authority to sell substantially all assets to Tennessee Machining, LLC ("Tennessee Machining"), an LLC owned by a principal of the Debtor, free and clear of all liens, claims, and encumbrances, pursuant to 11 U.S.C. §363 and would show the Court as follows:

1. On September 24, 2016 (the "Petition Date"), the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Middle District of Tennessee for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business as a debtor-in-possession. No trustee or examiner has been appointed in this case, nor has any official creditors' or equity security holders' committee been formed.

2. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. § 1334 and pursuant to 28 U.S.C. § 157(b)(2)(A), this is a core matter. Venue in this case and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3

3. In approximately November 2016, the Debtor changed the nature and size of its business as a result of its largest customer making the decision to cease ordering fabricated parts from the Debtor. Prior to the Petition Date, more than 75% of the Debtor's business was attributable to that single customer.

4. As a result of losing that customer, the Debtor has been forced to significantly reduce its workforce, cut expenses, and reduce the size and scope of its operation. This has resulted in a significant loss in revenue, endangering the Debtor's reorganization efforts.

5. By this Motion, the Debtor seeks authority to sell, convey, transfer, assign and/or deliver to Tennessee Machining all of the assets of the Debtor with the exception of any potential causes of action or other claims the Debtor may have under Sections 542, 543, 544, 547, 548, 549 and/or 550 of the Bankruptcy Code (the "Purchased Assets"). Tennessee Machining is wholly-owned by William Cole, one of the principals of the Debtor. Therefore, this sale is one to an insider.

6. Tennessee Machining has agreed to purchase the Purchased Assets in exchange for payment of $3,325,000.00. Upon information and belief formed by appraisals of the Purchased Assets, the fair market value of the Purchased Assets is less than $1,500,000.00.

7. Substantially all assets of the Debtor, including all of the Purchased Assets, are subject to a first priority lien in favor of Regions Bank. Regions Bank's secured loan is in the approximate amount of $3,364,485.00. Regions Bank has consented to the terms of this sale, and has agreed to release its lien on the Purchased Assets in exchange for payment of $3,325,000.00, and has agreed to release all claims against this estate.

8. Upon the completion of the sale as approved by the Court, valid, perfected, and unavoidable liens, claims and encumbrances shall attach to the sale proceeds to the same extent,

4

and in the same priority, as the pre-petition liens, claims and encumbrances. This includes, but is not limited to, the lien on substantially all assets asserted by Regions Bank.

9. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate. 11 U.S.C. §363(b)(1). Accordingly, the Court may authorize the sale other than in ordinary course of business of all of a Chapter 11 debtor's assets under Section 363(b)(l) when a sound business purpose dictates such action. *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986) (approving sale of radio station's assets where debtor could not meet its payroll and other operating expenses); *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re New Era Resorts, LLC*, 238 B.R. 381, 387 (Bankr. E.D. Tenn. 1999) (sale of Chapter 11 debtor's only asset approved pursuant to Section 363(b)); *In re Allison*, 39 B.R. 300, 301-302 (Bankr. D.N.M. 1984) ("The clear weight of authority authorizes the sale of all or substantially all of the debtor's assets pursuant to § 363(b) in a Chapter 11 proceeding even absent a disclosure statement, plan and vote of the creditors."). Given the Debtor's inability to continue operating and servicing its debt going forward, the Debtor maintains that such sound business purpose exists here.

10. Section 1146(c) of the Bankruptcy Code states that the "transfer . . . or the making or delivery of an instrument of transfer under a plan confirmed under section 1129 of this title, may not be taxed under any law imposing a stamp tax or similar tax." 11 U.S.C. § 1146(c). Courts have broadly construed this provision to include sales and transfers that occur outside of a Chapter 11 plan of reorganization and before or after confirmation of a Chapter 11 plan. *See In re Jacoby-Bender, Inc.*, 40 B.R. 10, 16 (Bankr. E.D.N.Y. 1984), *aff'd*, 758 F.2d 840 (2d Cir. 1985) (post-confirmation sale of assets exempted from tax by § 1146(c) of the Bankruptcy

5

Code); *see also, City of New York v. Smoss Enters. Corp. (In re Smoss Enters. Corp.)*, 54 B.R. 950, 951 (E.D.N.Y. 1985) (holding that § 1146(c) applied to preconfirmation sale of property when "the transfer of property was essential to the confirmation of a plan"). In so holding, courts have focused on whether the sale and transfer is "necessary to the consummation of the plan." *Jacoby-Bender*, 758 F.2d at 842; *In re Beulah Church of God in Christ Jesus, Inc.*, 316 B.R. 41, 51 (Bankr. S.D.N.Y. 2004) (finding transfers integral to confirmation of plan to be exempt from tax under § 1146(c) of the Bankruptcy Code because "Congress did not intend to impose an arbitrary and illogical temporal distinction on sales necessary or integral to a Chapter 11 plan."); *In re Permar Provisions, Inc.*, 79 B.R. 530, 534 (Bankr. E.D.N.Y. 1987) (applying § 1146(c) of the Bankruptcy Code to sale of property prior to filing of Chapter 11 plan where a plan could not have been confirmed absent sale); *but see, In re Hechinger Inv. Co. of Delaware, Inc.*, 355 F.3d 243 (3d Cir. 2003); *In re NVR, LP*, 189 F.3d 442 (4th Cir. 1999); *In re 310 Assocs., L.P.*, 282 B.R. 295 (S.D.N.Y. 2002).

11. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtor requests that any order approving the sale or transfer of the customers be effective immediately by providing that the 14-day stay under Bankruptcy Rule 6004(h) is waived.

12. This Sale Motion shall be provided to all creditors and parties in interest in these proceedings and shall be served on all persons pursuant to Bankruptcy Rule 6004(c) by first class mail addressed to the business address of such persons notwithstanding Bankruptcy Rule 9014. The Debtor submits that no further notice need be given or service need to be made.

6

Case 2:16-bk-06829   Doc 138   Filed 06/26/17   Entered 06/26/17 10:28:13   Desc Main
Document      Page 6 of 9

WHEREFORE, the Debtor moves the Court for an entry of an Order:

a.  Approving the form and manner of notice of sale proposed by the Debtor in this Motion;

b.  Approving the sale of the Purchased Assets (as defined herein) free and clear of all interests; and

c.  Granting such other and further relief as is appropriate.

DATED: June 26, 2017

Respectfully submitted:

/s/ Phillip G. Young
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Ste. 200
Franklin, TN 37067
615-465-6008
phillip@thompsonburton.com

Attorneys for the Debtor

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served through the Court's ECF system on all parties requesting notice, and served via United States Mail on all parties listed on the attached mailing matrix, this the 26th day of June, 2017.

/s/ Phillip G. Young
Phillip G. Young, Jr.

7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| S&S SCREW MACHINE COMPANY, LLC | ) | Chapter 11 |
| | ) | Case No. 2:16-bk-06829 |
| | ) | Judge Mashburn |
| Debtor. | ) | |

**ORDER GRANTING MOTION TO SELL ASSETS PURSUANT TO 11 U.S.C. §363
FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**

This matter came before the Court on the Debtor's Motion to Sell Assets Pursuant to 11 U.S.C. §363 Free and Clear of Liens, Claims, and Encumbrances (Docket No. __), (the "Motion"); upon consideration of the Motion, the exhibits thereto, having found no objection was filed to the Motion, and the entire record of this case,

IT IS HEREBY FOUND:

A. Cause exists for the relief sought in this Motion.

IT IS ORDERED, ADJUDGED AND DECREED:

1. The Motion is GRANTED.

2. The Debtor is authorized to sell, convey, transfer, assign and/or deliver to Tennessee Machining, LLC all of the assets of the Debtor with the exception of any potential

8

causes of action or other claims the Debtor may have under Sections 542, 543, 544, 547, 548, 549 and/or 550 of the Bankruptcy Code (the "Purchased Assets") in exchange for $3,325,000.00 and according to the additional terms detailed in the Motion or more favorable terms as might be negotiated by the Debtor. The Debtor's sale of the Purchased Assets shall be free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363, with such liens attaching only to the proceeds of this sale. Once the sale has closed, and upon receipt of $3,325,000.00, Regions Bank will be deemed to have waived its claim against this estate.

3. The Debtor shall comply with all applicable non-bankruptcy law in connection with the sale of the Purchased Assets.

4. This Court retains jurisdiction to enforce the terms of this Order or to determine any disputes regarding this Order.

> This order was signed and entered electronically as indicated at the top of the first page.

APROVED FOR ENTRY BY:

/s/ Phillip G. Young
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Ste. 200
Franklin, TN 37067
615-465-6008
phillip@thompsonburton.com

Attorneys for the Debtor